### GEORGE W. WILLIAMS

*v.*

### DENNIS R. WALKER *et al.*

1. JUDICIAL SALE—*administrator purchasing at his own sale.* Where an administrator is the real purchaser at a sale of land by him for the payment of the debts of his intestate, by procuring another to bid off the land for his benefit, and such nominal purchaser, shortly after receiving a deed, conveys the premises to the administrator, a court of equity will set aside the sale on the application of the heirs.

2. FORMER ADJUDICATION—*when bar to suit.* A bill was filed by the heirs-at-law of a deceased person to set aside a sale of land made by the administrator under an order of court, on the ground that he was the real purchaser at his own sale, through the medium of a relative, who, after receiving a deed from the administrator, conveyed the premises to the latter. It was shown that on a former bill filed by the widow and infant heirs against the administrator, a decree was entered, by consent, setting off to the widow a homestead in the premises, the bill seeking no other relief: *Held,* that the decree in the prior suit was no bar to the second bill, as the matters involved in it were not adjudicated in the prior bill.

APPEAL from the Circuit Court of Greene County; the Hon. CHARLES D. HODGES, Judge, presiding.

Messrs. ROBINSON, KNAPP & SHUTT, Messrs. BURR & WILKINSON, and Mr. HENRY C. WITHERS, for the appellant.

Mr. D. M. WOODSON & Mr. H. JOHNSON, for the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery, brought by the heirs of Walker, against Williams, his administrator, to set aside a sale of real estate made by the latter for payment of debts. The sale is attacked on the ground that the land was sold and conveyed to Pankey, the father-in-law of Williams, for the benefit of the latter, by virtue of a previous arrangement between them.

Pankey conveyed to Williams a few months after the sale. The court set the sale aside on equitable terms.

It is unnecessary to review the evidence. It clearly shows that Williams was the real purchaser at his own sale, and, of course, the heirs have the right to set the sale aside.

It is also objected that the decree pronounced in a former suit has settled this controversy, and is conclusive upon these complainants. That bill was brought by the widow, in behalf of herself and her three minor children, for the purpose of having her homestead set off to her. Williams and the adult children were made defendants. It is true, the bill in that case, as in this, contained an allegation that the administrator was the purchaser, and that the sale was fraudulent; but the object of the suit was to secure a homestead.

Before any evidence was taken the parties agreed that the widow was entitled to a homestead, and entered into a stipulation naming two commissioners, who, with a third to be chosen by them, were to assign the homestead to the value of $1,000, and to determine the rents to which the widow might be entitled, she relinquishing her right of dower. It was also agreed their report should be the basis of a decree. They made a report assigning the homestead and allowing the widow certain rents, and the court embodied it in the decree and dismissed the suit at the cost of Williams. Whatever might be the effect of that litigation upon the widow, who is not a party to this suit, it did not conclude the heirs from asserting their right to have the sale rescinded. As already stated, only the minor heirs were joined with the widow as complainants, and the only matter settled by the decree was the homestead right of the widow, and this decree was pronounced by consent. If a decree had been pronounced upon the matter at issue here it would have been binding on the minors until reversed or set aside; but no such decree was rendered, nor was this matter submitted to the court.

We find no error in this record.

*Decree affirmed.*